By the Court:

The objections taken to these pleas by the plaintiffs on the demurrers are all good, and for the reasons which their counsel has assigned in his argument. This is an action upon a judgment recovered in Ohio, by Sydam & Reed, the plaintiffs, against Cornelius T. Can.non and Gabriel Carpenter, who are the only parties defendant- upon the record of the Suit, and as to which the record must be held to be final and conclusive, and cannot be contradicted, qualified, or impeached in an action here upon it, by endeavoring to show that there was another party, who should have been included in it. Whatever may have been the original liability of these parties for the debt when it was first, contracted, that liability was discharged when Cannon and Carpenter gave- and Sydam & Reed accepted their bond for it, and the nature of the debt was still further changed and extinguished and made exclusively their debt, by the subsequent recovery of the judgment against them upon it, as it thereby became a new debt of a higher grade, a debt of record against them. There is therefore no reason now for saying that Tennent is jointly interested or liable with them in this judgment; and it was no defence, even in Ohio, to say that he was jointly interested with them in the original transaction, after the bond of Cannon and Carpenter had been taken in discharge of the debt. The other two pleas are also immaterial, and equally defective on general de? inurrer; because they are both entirely addressed to the right of a third person to recover, who is not a legal plaintiff in tk’e suit. The indorsement of the use may at any moment be stricken out without affecting the action. *436 Every good plea in bar must go to the merits of the action, and must constitute a legal defence against the right of the plaintiff on the record to recover, which neither of these pleas can be said to do, as the person for Avhose use the judgment and suit are indorsed, is no party in a legal sense to this action.
Judgment must therefore be entered for the plaintiffs on the demurrers.
The case afterwards came up for trial at the same term on the other pleas and issues joined upon the record, one of which was payment of the said judgment by the said John H. Tennent, one of the members of the said firm of C. T. Cannon & Co., when the counsel for the defendant submitted it to the jury on the charge of the Court as to the defence presented by this plea. It appeared from the evidence adduced on both sides that the amount of the judgment had been paid by Tennent to the plaintiffs, and the point which he wished to present was, that the plaintiffs were not entitled to recover in this action, unless they could show that it was assigned by them to him at the time of the payment of it by him, and not afterwards. 1 U. S. Dig. 329, sec. 84.
The counsel for the plaintiffs replied, and cited 2 Saund. Pl. & Ev. 713; 2 Greenl. Ev., sec. 519.

The Court,

Gilpin, Ch. J.,

charged the jury: That this being an action of debt in this Court, on a judgment recovered before a tribunal of competent jurisdiction in the State of Ohio, by Henry Sydam and 'Isaac H. Heed, against Cornelius T. Cannon and Gabriel Carpenter, instituted here in the names of the plaintiffs against Cannon, the surviving defendant in the judgment, it must be taken and considered as final and conclusive, not only as to the persons who were the parties to the suit in that State, but also as to all persons who should have been parties plaintiffs or defendants on the record of it there. It is consequently incompetent for the defendant to allege or prove, in the action upon it here, that Tennent, for whose use *437 the judgment was afterwards indorsed, was in any manner bound by it, or was in any way a party to it as a judgment ; if indeed such is the purport and intent of his plea, or of the averment contained in-it, which alleges that he was one of the partners of the said firm of C. T. Cannon & Co., and paid the judgment to the plaintiffs. For if it was a fact, as we have before remarked in giving judgment on the demurrers in the case, that Tennent was a •partner with Cannon and Carpenter in that firm at the time when the original debt was contracted, for which the bond was given by Cannon and Carpenter, and on which they afterwards confessed judgment for it to the plaintiffs, his original liability with them was entirely discharged and extinguished by it, and it thereby became their sole debt, and for which they alone were individually responsible, and not as partners; the partnership nature of the debt being thus changed and discharged by it. Being a stranger then to the judgment, and in no manner bound by it, the plea that Tennent paid it to the plaintiffs, is not ■ a good plea, unless it is further shown that it was paid by him in full and complete satisfaction and discharge of-the judgment as against the defendant; in which case, it would have been a payment by them, and should have been properly so pleaded by them. A defendant in a judgment may authorize or empower any one to pay it for him, and if the payment is made for the purpose of satisfying and extinguishing it entirely, it is his payment, and 'the debt is discharged; but if it is not done with this view, and the party so paying it takes an assignment of it or has it indorsed for his use, it has no such effect, and such a purchase or acquisition of the benefit of the judgment by him, cannot be pleaded in bar as a payment, in an action upon it against the defendant.
McFee, for plaintiffs.
C. S. Layton, for defendant.
Verdict for the plaintiffs.
Note. Houston, J., did not sit in this case, having been of counsel for the plaintiffs.